J-S44022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IRVIN JAMES SAUNDERS | : | |
| | : | |
| Appellant | : | No. 2464 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 15, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002480-2022

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                **FILED FEBRUARY 19, 2026**

Appellant, Irvin James Saunders, appeals from the August 15, 2024 judgment of sentence of life in prison entered in the Delaware County Court of Common Pleas following his conviction by a jury of Rape of a Child and related offenses. Appellant challenges the sufficiency of the evidence supporting his convictions and the trial court's denial of his motion *in limine*. After careful review, we affirm.

The relevant facts and procedural history are as follows. Briefly, the Commonwealth arrested and charged Appellant in connection with his sexual abuse of his minor nieces, D.D. ("Child 1") and D.D. ("Child 2") (collectively, "Children"), while Children were under the age of thirteen. Relevant to this appeal, on January 26, 2023, in response to an expert report prepared for the Commonwealth by child welfare consultant Jacqueline Block-Goldstein, Appellant filed a "Motion *in Limine* to Preclude Commonwealth's Expert

Witness From Bolstering & Bootstrapping Credibility Under 42 P.S. § 5920."

In this motion, Appellant asked the trial court to preclude Ms. Block-

Goldstein's testimony because her report and anticipated testimony

impermissibly encroached on the jury's role in assessing witness credibility.

*See* Motion, 1/26/24, at 1-12 (unpaginated). On March 9, 2023, after a

hearing, the trial court denied the motion but acknowledged that its ruling was

based on a limited pre-trial record and could be revisited at trial.

On May 7, 2024, Appellant proceeded to a jury trial. The

Commonwealth presented testimony from, *inter alia*, Children and Ms. Block-

Goldstein. The court qualified Ms. Block-Goldstein as an expert without

objection from Appellant and Ms. Block-Goldstein testified to the ways child

victims may react to, remember, or disclose child abuse. Appellant did not

move to strike any portion of her testimony or renew his motion *in limine*.

On May 10, 2024, the jury found Appellant guilty of one count each of

Rape of a Child, Aggravated Indecent Assault (Complainant Less than 13),

Involuntary Deviate Sexual Intercourse with a Child, and two counts each of

Indecent Assault (Complainant Less than 13) and Corruption of a Minor.[1]

On August 15, 2024, the trial court sentenced Appellant to life in prison

as a repeat child sex offender pursuant to 42 Pa.C.S. § 9714(a). On

September 10, 2024, Appellant filed a timely *pro se* appeal. After the trial

court appointed appellate counsel, Appellant filed a counseled Pa.R.A.P.

_____

[1] 18 Pa.C.S. §§ 3121(c), 3125(a)(7), 3123(b), 3126(a)(7), and 6301(a)(1)(ii), respectively.

1925(b) statement of matters complained of on appeal on December 30, 2024. The trial court complied with Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1. Was there sufficient evidence presented at the time of [t]rial to convict [Appellant] of Rape of a Child, Aggravated Indecent Assault with Person less than Thirteen, Involuntary Deviate Sex with Child, Indecent Assault with Person less than Thirteen and Corruption of Minors?

2. Was the [t]rial [c]ourt in error in denying [Appellant's] [m]otion to preclude certain Commonwealth witnesses from testifying at the time of [t]rial?

Appellant's Br. at 4.

Appellant first contends that the Commonwealth's evidence was insufficient to support his convictions. *Id.* at 13-38. Appellant asserts that Child 1 testified inconsistently at the preliminary hearing and at trial and argues that "sufficient reasonable doubt was raised, especially examining the cross-examination of [Child 1] so that it is not reasonable for a jury to find the necessary elements of the criminal offenses[.]" *Id.* at 37-38.

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013). "Such specificity is of particular importance in cases where [] the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009). "Where a

- 3 -

1925(b) statement does not specify the allegedly unproven elements, [] the sufficiency issue is waived[.]" ***Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted).

In this case, Appellant's 1925(b) statement baldly states that the evidence was insufficient to support his numerous convictions. ***See*** 1925(b) Statement ("Was there sufficient evidence presented at the time of [t]rial to convict [Appellant] of Rape of a Child, Aggravated Indecent Assault with Person less than Thirteen, Involuntary Deviate Sex with Child, Indecent Assault with Person less than Thirteen and Corruption of Minors?"). The trial court, in its 1925(a) opinion, found Appellant's sufficiency challenge waived because Appellant failed to identify a particular element of any of the charges for which he was convicted. Trial Ct. Op., 3/25/25, at 12. We are constrained to agree and, thus, conclude that Appellant's first issue is waived.

Appellant next argues that the trial court erred in denying his January 26, 2023 motion and allowing Ms. Block-Goldstein to testify. Appellant's Br. at 38-41. He contends that the expert's testimony "although comprehensive about child sexual abuse victim reactions generically was in no way specific as to the events for which [Appellant] was charged." ***Id.*** at 40.

We review the trial court's denial of a motion *in limine* for an abuse of discretion. ***Commonwealth v. Schley***, 136 A.3d 511, 514 (Pa. Super. 2016). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly

unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** (citation omitted).

"[A] properly qualified expert may testify to facts and opinions regarding specific types of victim responses and behaviors in certain criminal proceedings involving sexual assaults, provided experts do not offer opinions regarding the credibility of any witnesses, including the victim." **Commonwealth v. Jones**, 240 A.3d 881, 897 (Pa. 2020) (citing 42 Pa.C.S. § 5920(b)(3)). Our Supreme Court has declined to "categorically preclude[] expert testimony concerning victim behavior in response to sexual abuse." **Id.**

The trial court found that Ms. Block-Goldstein's testimony "detailed generally the various ways child victims may react to, remember and/or disclose abuse" "without offering testimony regarding the credibility of any witnesses involved in the case, including the juvenile victims[,]" in compliance with Section 5920. Trial Ct. Op. at 38-39. On appeal, Appellant fails to specifically identify how Ms. Block-Goldstein's testimony "encroach[ed] on the factfinder's exclusive witness credibility determination" or violated Section 5920. Appellant's Br. at 39. Based on our review of the record, we conclude that the trial court did not abuse its discretion in denying Appellant's motion *in limine* as Ms. Block-Goldstein permissibly testified regarding victim responses and behaviors and did not offer opinions regarding the credibility of any witnesses. **See Jones**, 240 A.3d at 897; N.T. Trial, 5/8/24, at 38-86. Appellant's second issue is, therefore, without merit.

Having found Appellant's issues either waived or meritless, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/19/2026